IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWYNE WARREN,

Petitioner,

v.                                           Civil Case No. 16-cv-710-DRH
                                                    Criminal Case No. 13-cr-30170-DRH-2

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is petitioner Antwyne Warren's motion to reinstate his § 2255 habeas case (Doc. 11).[1] In response to the motion, the government filed a motion to dismiss petitioner's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 14). Based on the following, the Court **DISMISSES for lack of jurisdiction** the motion to reinstate the § 2255 (Doc. 11) and **GRANTS** the government's motion to dismiss (Doc. 14).

### II. Background

On April 24, 2015, Warren pleaded guilty, pursuant to a plea agreement negotiated with the government. *USA v. Warren*, 3:13-cr-30170-DRH-2, (Doc.

---

[1] Petitioner previously filed a motion to withdraw his §2255 petition without prejudice on November 17, 2016 (Doc. 9). Following no objection from the government, the Court granted said motion and dismissed the case on December 8, 2016 (Doc. 10).

150).[2] Warren was ultimately sentenced on October 16, 2015, to 120 months total months incarceration on Counts 1, 2, 3, and 6 of the Superseding Indictment (Cr. Doc. 192). Count 1 charged conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846. Count 2 charged attempt to interfere with commerce by robbery in violation of 18 U.S.C. § 1951. Count 3 charged using or carrying firearms in furtherance of a drug trafficking offense or crime of violence in violation of 18 U.S.C. § 924(c). Finally, Count 6 charged possession of a controlled substance in violation of 21 U.S.C. § 844. The Court entered judgment on October 19, 2015. No appeal was filed pursuant to the plea agreement (Cr. Doc. 196).

Warren filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on June 27, 2016 (Doc. 1). Warren's argument for relief was premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to district wide procedure, the Court referred the matter to the Federal Public Defender and directed that the Federal Public Defender file an amended petition (Doc. 2). The FPD reviewed Warren's petition and determined that Warren was sentenced neither as an armed career criminal nor as a career offender, and that he had "no meritorious basis for obtaining relief premised upon *Johnson*." (Doc. 5; Cr. Doc. 190 at ¶ 41 - ¶101). Accordingly, the FPD sought to withdraw as counsel (Doc. 5), which the Court granted (Doc. 7). Subsequent to the FPD seeking to withdraw, Warren sought a 45-day extension of time in which to file his

---

[2] Further reference to Warren's criminal docket in this order will include "Cr. Doc." prior to the document number to differentiate from his civil habeas case filings.

own brief seeking relief under § 2255 (Doc. 6). Thereafter, on November 17, 2016, Warren filed a motion to withdraw his § 2255 without prejudice "after reviewing counsel's assessment." (Doc. 9). The Court granted petitioner's motion and closed the case (Doc. 10).

Petitioner now seeks to reopen his § 2255 motion, again seeking relief under *Johnson* and also under *United States v. Jenkins,* 849 F.3d 390 (7th Cir.), reh'g denied (Apr. 20, 2017), cert. denied, 137 S. Ct. 2280 (2017) (Doc. 11). In response, the government moves to dismiss because petitioner failed to obtain permission to bring a successive § 2255 petition, and because his successive § 2255 petition is untimely (Doc. 14).

### I. 28 U.S.C. § 2255 Standard

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), and "is available when a 'sentence was imposed in violation of the Constitution or laws of

the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008)(quoting 28 U.S.C. § 2255).

A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)(Section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.")(citation omitted). As such, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. See *Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009); *Torzala*, 545 F.3d at 522. Moreover, unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995).

Furthermore, in the event of a "second or successive motion" within the meaning of § 2255(h), "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990,

991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton v. United States,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255") (citation omitted).

### III. Discussion

In petitioner's motion to reopen, his argument for relief centers around a claim that his sentence should be vacated under *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (Doc. 11). However, as noted by the government, in substance, the motion is a new § 2255 petition advancing his original *Johnson* claim, as well as an additional claim based on based on *United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017) (kidnapping is not a crime of violence under the Armed Career Criminal Act ("ACCA") and cannot serve as a predicate crime of violence to support a conviction under 18 U.S.C. § 924(c)). In response, Warren argues that his motion is a continuation of his first § 2255 petition and he is able to reopen the petition under Rule 60(b)(Doc. 18). However, because Warren's new pleading challenges the legality of his conviction and sentence, it is a successive collateral attack. *United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005).

The Court notes that Warren did, in fact, voluntarily dismiss his first § 2255 petition prior to a ruling by the Court. A voluntarily dismissed § 2255 petition that is withdrawn prior to ruling may, in some instances, not count as a

first petition. *See Garrett v. United States*, 178 F.3d 940 (7th Cir. 1999) (per curiam) However, in the event that the record shows that the petitioner withdrew his initial motion after realizing that the Court would rule against him—then the withdrawn motion counts as a first petition. *Potts v. United States*, 210 F.3d 770, 770-71 (7th Cir. 2000); *Feldar v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). *Potts* states that:

> "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits. The polar cases that elucidate this principle are easy: where the petition was not accepted for filing, *e.g., Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); *O'Connor v. United States*, 133 F.3d 548 (7th Cir.1998); B*enton v. Washington*, 106 F.3d 162 (7th Cir. 1996); *In re Moore*, 196 F.3d 252, 255 (D.C.Cir. 1999), and where the petition was rejected on the merits. *E.g., In re Page*, 179 F.3d 1024, 1025 (7th Cir.1999); *Bennett v. United States*, 119 F.3d 470 (7th Cir.1997); *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir.1997). Nesting within these extremes is a further division between cases in which the petitioner withdraws his petition before he has any reason to think it is going to be denied (maybe he realizes that because of lack of legal assistance he cannot articulate his legal claim) and cases in which he withdraws it when it becomes clear to him that it is indeed about to be denied. The first type of case is illustrated by *Garrett v. United States*, 178 F.3d 940 (7th Cir.1999) (per curiam), and *Haro-Arteaga v. United States*, 199 F.3d 1195 (10th Cir.1999) (per curiam), and the second by *Felder v. McVicar*, 113 F.3d 696 (7th Cir.1997). We must decide which of the two types the present case is closer to."

Here, Warren's first petition was met by a motion to withdraw from his appointed counsel arguing that his § 2255 petition lacked merit, similar to the procedural history in *Potts* (Doc. 5). In the FPD's motion to withdraw, counsel's assessment of the case found that Warren "has no meritorious basis for obtaining relief premised upon *Johnson*," given that he was neither sentenced as an armed

career criminal nor as a career offender (Doc. 5). The FPD went on to state that "[s]ince [Warren] did not receive an enhanced penalty based under any residual clause, he has no colorable claim for relief based upon *Johnson*. Accordingly, counsel can discern no non-frivolous basis for seeking relief based upon *Johnson*." (*id.*). Following receipt of the FPD's motion highlighting the deficiencies of Warren's § 2255, on November 17, 2016, "[a]fter reviewing counsel's assessment", Warren moved to voluntarily dismiss his § 2255 (Doc 9).

The fact that Warren dismissed his petition "[a]fter reviewing counsel's assessment," unequivocally demonstrates that the withdrawal occurred because Warren realized that the Court would rule against him. Just as in *Potts*, Warren too "had his opportunity to receive a decision on the merits; he flinched, seeing the handwriting on the wall." *Potts*, 210 F.3d at 771. Therefore, the initial § 2255 filing, though not dismissed by court action on the merits, cannot be disregarded. It was a first petition within the meaning of the rule, *Feldar v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997), and Warren is required to seek leave to file this successive petition. 18 U.S.C. § 2244 (b)(3)(A).

Because there is nothing in the record to establish that Warren has sought and obtained a certification from the Seventh Circuit Court of Appeals to pursue this second motion under § 2255, this Court is without jurisdiction to entertain the pending motion. Only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition. See 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion

under § 2255). Accordingly the Court **FINDS** that Warren's second motion to reopen his § 2255 petition is a successive motion within the meaning of § 2255. On this basis, his motion to reinstate is **DISMISSED for lack of jurisdiction** (Doc. 11). *See United States v. Carraway,* 478 F.3d 845, 849 (7th Cir. 2007).

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This Court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Reasonable jurists would not debate that this petition is a successive collateral attack brought without the required pre-authorization. Therefore, the Court shall not issue a certificate of appealability.

## V. Conclusion

For the reasons as discussed herein, the government's motion to dismiss Warren's motion for relief pursuant to 28 U.S.C. §2255 is **GRANTED** (Doc. 14). Warren's motion to reinstate his § 2255 habeas case is hereby **DISMISSED for lack of jurisdiction** (Doc. 11). Finally, a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.06 13:23:42 -06'00'

**United States District Court Judge**